Peelle, J.,
delivered the opinion of the court:
The question presented for our decision arises on the defendants’ plea in these words:
“Now come the defendants, by their Attorney-General, and show and exhibit unto the court that the so-called petition heretofore attempted to be filed in this court, and received in the clerk’s office of said court, and docketed under said number, was unlawfully and improperly filed, and is unlawfully and improperly upon the dockets of said court, for the reason that no such petition was ever presented to the Secretary of the-Treasury, nor bjr said Secretary referred to this court under the provisions of section 1063 of the Revised Statutes *152 made specially applicable to direct-tax cases by tbe act of March 2, 1891 (26 Stats., 822). Wherefore the defendants pray that said petition may be ordered to be stricken from the dockets of this court, and the cause of action therein attempted to be stated against these defendants be abated. ”
By their plea it will be seen that the defendants, in effect, contend that the jurisdiction of the Secretary of the Treasury under the act named is exclusive, unless he sees fit to transmit such claims to this court under Revised Statutes, section 1063. In other words, they contend that in such cases the court acquires jurisdiction only by virtue of such reference from the Secretary.
Section 4 of the act of March 2, 1891 (supra,), reads:
“That it shall be the duty of the Secretary of theTreasury to pay to such persons as shall in each case apply therefor, and furnish satisfactory evidence that such applicant was at the time of the sales hereinafter mentioned the legal owner, or is the heir at law or devisee of the legal owner, of such lands as were sold in the parishes of Saint Helena and Saint Luke’s, in the State of South Carolina, under the said acts of Congress, the value of the said lands in the manner following, to wit: To the owners of the lots in the town of Beaufort, one-half of the value assessed thereon for taxation by the United States direct-tax commissioners for South Carolina; to the owners of lands which were rated for taxation by the State of South Carolina as being usually cultivated, five dollars per acre for each acre thereof returned on the proper tax book; to the owners of all other lands', one dollar per acre for each acre thereof returned on said tax book: Provided,. That in all cases where such owners, or persons claiming under them, have redeemed or purchased said lands, or any part thereof, from the United States they shall not receive compensation for such part so redeemed or purchased; and any sum or sums held or to be held by the said" State of South Carolina in trust for any such owner under section three of this act shall be deducted from the sum due to such owner under the provisions of this section: And provided further, That in all cases where said owners have heretofore received from the United States the surplus proceeds arising from the sale of their lands, such sums shall be deducted from the sum which they are entitled to receive under this act. That in all cases where persons, while serving in the Army or Navy or Marine Corps of the United States, or who had been honorably discharged from said service, purchased any of said lands under section eleven of the act of Congress approved June seventh, eighteen hun- *153 drecl and sixty-two, and such lands afterwards reverted to the United States, it shall be the duty of tbe Secretary of the Treasury to pay to such persons as shall in each case apply therefor, or to their heirs at law, devisees, or grantees, in good faith and for valuable consideration, whatever sum was so paid to the United States in such case. That before pay - ing any money to such persons the Secretary-of the Treasury shall require the person or persons entitled to receive the same to execute a release of all claims and demands of every kind and description whatever against the United States arising out of the execution of said acts, and also a release of all right, title, and interest in and to the said lands.
* -X- -X- * 'X* -X- *
“That section one thousand and sixty-three of the Revised Statutes is hereby made applicable to claims arising under this act without limitation as to the amount involved in such claim. ”
It will thus be seen that before the Secretary pays such claims he must be satisfied from the evidence furnished to him that the claimants are rightfully entitled thereto; and that they execute a release of all claims against the United States arising out of the execution of the acts therein referred to, and in addition thereto release all their right, title, and interest in and to the lands for and on account of which such payments may be made.
The duties thus devolved upon the Secretary are ministerial and not judicial, but even if judicial the Secretary is not clothed with exclusive jurisdiction to so adjust such claims. On the contrary, section 1063 is made applicable to such claims “without limitation as to the amount involved,” and the proviso to that section is:
“Provided, That no case shall be referred by any head of a department unless it belongs to one of the several classes of cases which, by reason of the subject-matter and character, the said court might, under existing laws, take jurisdiction of on such voluntary action of the claimant.”
Hence it follows that the Secretary can only transmit to the court under that section such cases as the court under existing laws might take jurisdiction of on the voluntary action of such claimant.
However, the language of the act of 1891 will not bear the construction that the Secretary has exclusive jurisdiction in *154 tbe settlement oí such claims, even though section 1063 were not made applicable thereto.
Undoubtedly the section would have been applicable to the act even though no mention had been made thereof; and the only apparent reason why it was mentioned in the act seems to have been to remove all doubt as to the power of the Secretary of the Treasury to transmit such claims “without limitation as to the amount involved,” as otherwise, in cases “ involving disputed facts or controverted questions of law,” such references could only be made where “the amount in controversy exceeds three thousand dollars.”
Manifestly, if the Secretary should refuse to act on such claims or should adjust the same upon an erroneous basis, such claimants would have a right to sue in this court, as their claims are founded upon a law of Congress, and such right can not be taken away except in express terms or by an unavoidable implication, neither of which is found in the act of 1891.
For the reasons given the plea is overruled and the defendants are given leave to answer over within a reasonable time.